# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FRED HERNANDEZ,<br><br>                              Petitioner,<br><br>v.<br><br>NEVADA SOUTHERN DETENTION CENTER,<br><br>                              Respondents. | Case No.: 2:25-cv-00060-APG-DJA<br><br>**Order Dismissing Action** |

This action was initiated, *pro se*, by Fred Hernandez, on January 10, 2025, as a petition for a writ of habeas corpus under 28 U.S.C. §2241. I summarily dismiss this action because I am without jurisdiction to entertain a challenge to a civil contempt order of another judge of this Court under section 2241.

According to his petition, Hernandez is in federal custody at the Nevada Southern Detention Center under a civil contempt order entered against him in Case No. 2:22-cv-00876-GMN-NJK. ECF No. 1 at 1; *see also* ECF Nos. 68, 72, 75, 95, 96, 98. I take judicial notice of the proceedings in Case No. 2:22-cv-00876-GMN-NJK. Hernandez is represented by counsel in Case No. 2:22-cv-00876-GMN-NJK. The matter of the civil contempt order and Hernandez's detention is an ongoing proceeding in Case Number 2:22-cv-00876-GMN-NJK; the parties filed a joint status report in that case, regarding the matter of the contempt order and Hernandez's detention, on January 2, 2025. ECF No. 183 in Case Number 2:22-cv-00876-GMN-NJK.

1    In this case, in the *pro se* habeas petition filed by Hernandez on January 10, 2025,

2  Hernandez claims that his detention under the civil contempt order in Case No. 2:22-cv-00876-

3  GMN-NJK violates his rights under the Fifth and Sixth Amendments to the United States

4  Constitution and is otherwise illegal, and he requests that I order his release from custody. ECF

5  No. 1 at 7, 13.

6    I screen Hernandez's habeas petition under Rule 4 of the Rules Governing Section 2254

7  Cases. *See* Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply

8  any or all of these rules to a habeas corpus petition not covered by Rule 1(a) [which refers to

9  petitions under 28 U.S.C. §2254].")  Rule 4 requires that a district court dismiss a petition

10  without ordering a responsive pleading when "it plainly appears from the petition and any

11  attached exhibits that the petitioner is not entitled to relief."

12    I am not empowered to review a civil contempt order of another judge of this Court under

13  28 U.S.C. §2241. In general, 28 U.S.C. §2255 provides the exclusive procedural mechanism by

14  which a federal prisoner may test the legality of detention. If Hernandez wishes to contest the

15  legality of his civil contempt detention, he must do so under section 2255 or by means of other

16  motion, petition, or appeal in Case No. 2:22-cv-00876-GMN-NJK.

17    **I THEREFORE ORDER** that this action is **DISMISSED** without prejudice.

18    **I FURTHER ORDER** that, as reasonable jurists would not find this order to be

19  debatable, the petitioner is denied a certificate of appealability.

20  ///

21  ///

22  ///

23  ///

2

**I FURTHER ORDER** that the Clerk of the Court is directed to:

-       **ENTER JUDGMENT** dismissing this action without prejudice and **CLOSE THIS CASE**.

-       **SEND** courtesy copies of this order and the habeas petition in this case (ECF No. 1) to all counsel of record in Case No. 2:22-cv-00876-GMN-NJK and to Honorable Gloria M. Navarro.

Dated: January 14, 2025

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE